UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN BENICK,**

    **Plaintiff,**

                                      Civil Action 2:11-cv-0855
    v.                                  Magistrate Judge Elizabeth P. Deavers

**KNOX COUNTY HEALTH DEPARTMENT,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff brings this action against his former employer for various claims related to his termination.  This matter is before the Court for consideration of Defendant's Motion for Summary Judgment.  (ECF No. 15.)  Plaintiff filed his Response in Opposition to Plaintiff's Motion on December 18, 2012.  (ECF No. 23.)  Defendant filed its Reply on January 2, 2013.  (ECF No. 24.)  For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED** with respect to Plaintiff's due-process and deprivation-of-property claims brought pursuant to the Fourteenth Amendment to the United States Constitution.  (ECF No. 15.)  In addition, the Court declines to exercise jurisdiction over Plaintiff's remaining state-law claims.

### I.

Plaintiff was employed by the Knox County Health Department as Environmental Health Director from May 2002 until April 2006.  According to the Complaint, Plaintiff received favorable employment evaluations throughout his employment.  (Compl. ¶ 6, ECF No. 2.)  At some point during his employment, Plaintiff's supervisor purportedly began to require him to

perform personal services during work hours and non-work hours. *Id.* at ¶ 11. Plaintiff alleges that when he refused to continue to perform such personal services, his supervisor began to give him unfavorable performance reviews. *Id.* at ¶ 12. Plaintiff contends that his supervisor ultimately terminated his employment because he refused to continue performing personal services.

Plaintiff brings this action against the Knox County Health Department pursuant to 42 U.S.C. § 1983. He purports to assert claims of deprivation of due process and deprivation of property interests in violation of the Fifth and Fourteenth Amendments to the United States Constitution. (Compl. 2-3, ECF No. 2.) Plaintiff also asserts a breach-of-contract claim under Ohio law. *Id.* at 1-2.

## II.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317,

324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

## III.

**A.     Deprivation of Liberty and Property Interests**

The Court finds that summary judgment on Plaintiff's claims for deprivation of property and liberty is appropriate as a matter of law for at least two reasons.

**1.     Failure to Plead Inadequacy of Remedies Under State Law**

"'[T]he deprivation by state action of a constitutionally protected interest in life, liberty or property is not itself unconstitutional; what is unconstitutional is the deprivation of such interest *without due process of law*.'" *Mertik v. Blalock*, 983 F.2d 1353, 1363 (6th Cir. 1993) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)) (emphasis in original). Where a plaintiff alleges injury from a random, unauthorized act rather than a policy or custom causing constitutional injury, "the due process inquiry is limited to the adequacy of post-deprivation

3

remedies provided by the state, and the burden is on the plaintiff to demonstrate the inadequacy of those remedies." *Id.* (citing *Zinermon*, 494 U.S. at 128-30). Consequently, in order to prevail on a deprivation-of-property or deprivation-of-liberty claim, a plaintiff must *plead* and *prove* the inadequacy of remedies under state law. *See Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983) ("[When] claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate."); *cf. Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury."). Where a plaintiff fails to do so, dismissal is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993) (dismissal of procedural due process claim upheld where the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate . . ."); *Ruiz v. Fisher,* No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate").

Although Defendant did not raise this issue, the Court Concludes that, in this instant case, Plaintiff has failed to plead that the post-deprivation remedies available to him under Ohio law are inadequate to adjudicate his deprivation-of-property and deprivation-of-liberty claims. Nor has he offered any evidence to create a genuine issue of material fact on this point, which renders his claims subject to dismissal on summary judgment. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses.").

**2. Failure to Plead a Policy or Custom**

In addition, Plaintiff has failed to plead or offer evidence that he was injured by a policy or custom of Defendant. To plead a cause of action under § 1983, a plaintiff must plead two elements: (1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law. *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). To plead the second element sufficiently, a plaintiff must allege "personal involvement" of the person sought to be held liable. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). "A supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted). Put another way, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Id.*

As a threshold matter, the Court notes that counties are considered persons within the meaning of 42 U.S.C. § 1983. *Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)) ("[L]ocal governments, municipalities, and counties are considered 'persons' within the meaning of 42 U.S.C. § 1983, and 'may be sued for constitutional deprivations.'"); *see also Stack v. Karnes*, 750 F. Supp. 2d 892, 899 (S.D. Ohio 2010) (determining after comprehensive analysis that counties are considered persons within the meaning of § 1983). Nevertheless, "county liability is limited to situations in which the deprivation of constitutional rights results from an official policy or

custom of the county." *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 348 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694). To hold a county liable under § 1983, a plaintiff must first demonstrate that "'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Id.* (quoting *Monell*, 436 U.S. at 694). Second, a plaintiff must demonstrate an "'affirmative link between the policy and the particular constitutional violation alleged.'" *Id.* (quoting *Okla. City v. Tuttle*, 471 U.S. 808, 823 (1985)); *see also Bennett v. City of Eastpointe*, 410 F.3d 810, 818-819 (6th Cir. 2005) (discussing municipal liability pursuant to *Monell*).

Here, Plaintiff has failed to plead a cognizable claim pursuant to *Monell*. Specifically, he has failed to allege any policy or custom that purportedly caused him constitutional injury. Nor has he alleged an affirmative link between such policy or custom and the constitutional violation for which he seeks redress. Plaintiff merely alleges that his supervisor required him to perform personal services. (Compl. ¶ 11, ECF No. 2.) When Plaintiff refused to continue performing such services, his supervisor purportedly provided unfavorable performance evaluations, leading to Plaintiff's termination. *Id.* at ¶ 12. Nothing in Plaintiff's Complaint, or his Response to Defendant's Motion for Summary Judgment, indicates that he suffered injury as a result of a policy or custom of the Knox County Health Department. In fact, Plaintiff offers no response at all to Defendant's contention that his federal claims fail for noncompliance with *Monell*. Summary judgment under these circumstances is appropriate. *See Binder v. Redford Twp. Police Dep.'t*, 93 Fed. App'x 701, 704 (6th Cir. 2004) (affirming grant of summary judgment where plaintiff failed to offer evidence of a policy or custom of deprivation of property rights); *Bennett v. Schroeder*, 99 Fed. App'x 707, 717 (6th Cir. 2004) (affirming grant of summary judgment

6

where the plaintiff failed to offer evidence of a policy or custom of leading to deprivation of constitutional right).

Accordingly, Plaintiff has failed to allege, much less offer sufficient evidence to create a genuine issue of material fact, that he suffered injury as a result of a policy or custom of Defendant. Nor has he alleged or offered evidence as to the inadequacy of remedies under state law. Defendant's Motion for Summary Judgment as to Plaintiff's federal claims is, therefore, **GRANTED**.

**B.      Claims Under Ohio Law**

Plaintiff also asserts a state-law claim for breach of contract. (Compl. ¶¶ 5-15, ECF No. 2.) The Court declines to exercise jurisdiction over Plaintiff's state-law claims. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted). Here, the Complaint confirms that Plaintiff and Defendant are both citizens of Ohio. (Compl. ¶¶ 1, 2, ECF No. 2.) Thus, the Court does not have original jurisdiction over Plaintiff's state-law claims. The Court has granted summary judgment with respect to Plaintiff's federal claims. Under these circumstances, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over any remaining state law claims, which are **DISMISSED** without prejudice.[1]

---

[1] In his Response to Defendant's Motion for Summary Judgment, Plaintiff appears to attempt to assert a claim for termination in violation of public policy under Ohio law. (Op. 4-5,

**IV.**

Accordingly, Defendant's Motion for Summary Judgment is **GRANTED** with respect to Plaintiff's due-process and deprivation-of-property claims brought under the Fourteenth Amendment to the United States Constitution.  (ECF No. 15.)  The Court declines to exercise jurisdiction over Plaintiff's remaining state-law claims, which are **DISMISSED** without prejudice.  The Clerk is **DIRECTED** to enter judgment in favor of Defendant and remove this case from the Court's pending case list.

**IT IS SO ORDERED**.

Date: June 5, 2013                                                          /s/ *Elizabeth A. Preston Deavers*
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge

---

ECF No. 23.)  A review of the Complaint reveals that Plaintiff failed to allege such a claim.  Even if Plaintiff's Complaint could be construed as asserting such a claim, the Court would decline to exercise jurisdiction over it as well for the reasons set forth herein.